UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| GLOBERUNNERS INCORPORATED, | : | Case No. 18-cv-4939 |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| v. | : | |
| | : | |
| ENVIRONMENTAL PACKING TECHNOLOGIES | : | |
| HOLDINGS, INC. | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------X

Plaintiff, GlobeRunners Incorporated ("GlobeRunners" or "Plaintiff"), by its attorneys, brings this action civil and maritime in nature against Defendant Environmental Packing Technologies Holdings, Inc. ("EPT"), a corporation.

## JURISDICTION

1.     The Jurisdiction of this Court is founded on the admiralty or maritime character of the claim as more fully appears below.    This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2.     This Court also has civil and admiralty and maritime jurisdiction pursuant to 28 U.S.C. §§1331 and 1367, federal question and supplemental jurisdiction.

## VENUE

3.     Venue is proper in this Court as, set forth in GlobeRunners' Terms and Conditions attached to the bill of lading in this shipping matter.    The Terms and Conditions, a copy of which is attached hereto as Exhibit A, requires jurisdiction and venue to be in the United States District Court for the Southern District of New York, as specified in Clause 13.

## THE PARTIES

4.    Plaintiff, GlobeRunners, is a non-vessel operating common carrier (NVOCC) licensed by the Federal Maritime Commission and is a corporation incorporated in the State of California with its principal place of business at 3400 Douglas Blvd, Suite 140, Roseville, CA 95661.

5.    Defendant EPT is a corporation organized and existing pursuant to the laws of the State of Delaware with a place of business at 6101 Lake Michigan Dr., Suite A-1500, Allendale, MI 49401.

## FACTS

6.    EPT engaged GlobeRunners as a non-vessel-ocean-common-carrier ("NVOCC") to transport seventy-one (71) of EPT's shipments from the United States to various foreign countries, and GlobeRunners successfully completed the transportation services it performed for EPT.

7.    EPT has failed to pay GlobeRunners for the ocean freight and other charges in the amount of Two Hundred Ninety-seven Thousand, One hundred Thirty-eight Dollars and Five Cents ($297,138.05) for the above referenced shipments which were invoiced from August 22, 2017 to March 28, 2018.

8.    GlobeRunners has repeatedly requested EPT to pay the outstanding balances, but EPT fails to make payments to satisfy the accumulated unpaid balance of $297,138.05 owed by EPT, as of the date of this Complaint.    Attached hereto as Exhibit B is a copy of the statement with the information regarding all outstanding invoices.

9.    EPT entered into transportation contracts with GlobeRunners which are evidenced by the booking confirmations and GlobeRunners bills of lading.

10.     GlobeRunners completed their obligations of transporting those shipments for EPT and GlobeRunners is entitled to the ocean freight and other charges it incurred and paid thereunder.

11.     EPT failed to perform its contractual and other obligations to pay such ocean freight and other charges to GlobeRunners.

12.     In addition, according to the terms and conditions of GlobeRunners house bills of lading, EPT, as shipper for all of the above referenced shipments is obligated to pay the attorneys' fees incurred in order to collect the outstanding balance on the freight and other charges due and owing to GlobeRunners.

## COUNT I: BREACH OF CONTRACT

13.     GlobeRunners incorporates all of the allegations above as if fully set forth herein.

14.     Plaintiff GlobeRunners and Defendant EPT entered into a contract of carriage with terms and conditions attached as Exhibit A.

15.     The terms and conditions, attached as Exhibit A, relating to the Bills of Lading in this matter require Defendant EPT pay for ocean freight and other charges as described in the referenced terms and conditions generally and particularly under clause 9, "Freight and Charges."

16.     Defendant EPT failed to pay the ocean freight and other charges which were incurred and paid by Plaintiff and EPT violated the terms and conditions attached to this complaint as Exhibit A of the related bills of lading.   Defendant EPT received requests to pay ocean freight and other charges.

17.     GlobeRunners has duly performed all obligations, conditions, and promises pursuant to the contracts of carriage, between Defendant EPT and Plaintiff GlobeRunners by

furnishing ocean transportation of the cargo by ocean common carrier resulting in the successful delivery of each of the above referenced 71 shipments.

18.     Defendant EPT breached the contracts between Defendant and GlobeRunners by failing to pay GlobeRunners the ocean freight and other charges.

19.     As a direct and proximate result of Defendants' failure to pay GlobeRunners ocean freight and other charges in the amount of $297,138.05, GlobeRunners suffered damages by having to pay these charges plus it has incurred legal fees, which fees continue to accrue.    Pursuant to the GlobeRunners Terms and Conditions, Exhibit A, Clause 9 (a), the Shipper, EPT, is obligated to pay Plaintiff's attorney's fees.    The aforementioned Clause 9(a) provides: "…In any referral for collection or action against Merchant for monies due to Carrier, upon recovery by Carrier, Merchant shall pay the expenses of collection and litigation, including reasonable attorneys' fees."

## COUNT II:    IMPLIED CONTRACT

20.     GlobeRunners incorporates all of the allegations above as if fully set forth herein.

21.     As the proximate result of GlobeRunners' performance of successfully completing the 71 shipments, EPT did fully receive the benefits of the services provided by GlobeRunners pursuant to the bills of lading.

22.     Under the Terms and Conditions of the Bill of Lading furnished for this shipment by GlobeRunners, EPT is not only the shipper, but is included in the description of "Merchant" under Clause 1 Definitions of the Terms and Conditions (Exhibit A),    and, therefore, is liable for and responsible for ocean freight and other charges.    Therefore, EPT is specifically referred to as a "merchant" pursuant to Clause 1 Definitions, and therefore, is

liable for the aforementioned ocean freight and other charges as both the shipper and "Merchant" under Clause 1 Definitions of the Terms and Conditions (Exhibit A),

23.     On the basis of the facts stated herein, EPT is liable under an implied contract to pay Plaintiff for the total outstanding balance of $297,138.05 for ocean freight and other charges, plus legal fees.

24.     Pursuant to the GlobeRunners Terms and Conditions, Exhibit A, Clause 9 (a), the EPT is obligated to pay Plaintiff's attorney's fees.

## COUNT III:   ACCOUNT STATED

25.     GlobeRunners incorporates all of the allegations above as if fully set forth herein.

26.     Plaintiff GlobeRunners has repeatedly requested Defendant EPT to pay the amounts owed attached hereto as Exhibit B.

27.     Despite Plaintiff's repeated requests for payment, Defendant EPT has made no payments from the time of billing through and including the date of filing this complaint.

28.     The balance due from EPT, remains unpaid for an inordinate, unreasonable period of time—with the oldest balance dating back to November 7, 2017, extending to the date of filing this complaint.

29.     On the basis of Defendant's nonpayment of Plaintiff's account for an excessive and unreasonable period of time, EPT is legally responsible for the full amount still outstanding of $297,138.05, plus legal fees which continue to accrue.

## COUNT IV: QUANTUM MERUIT AND UNJUST ENRICHMENT

30.     GlobeRunners incorporates all of the allegations above as if fully set forth herein.

31.     GlobeRunners conferred a benefit upon EPT by providing ocean common carrier transportation services for 71 shipments.    Further, Plaintiff paid all ocean freight and other charges in the sum of $297,138.05 which were the responsibility and liability of Defendant EPT to pay.

32.     Defendant EPT requested the shipping services provided by GlobeRunners and EPT received the benefit of the services together with payment by GlobeRunners of ocean freight and other charges, for which EPT did not pay when demanded by GlobeRunners.

33.     Defendant EPT failed and continues to refuse to pay the outstanding charges to GlobeRunners in the amount of $297,138.05, representing ocean freight and other charges.

34.     Defendant EPT has been unjustly enriched in that it did not pay for the above stated ocean freight and other charges that Plaintiff provided and which benefitted Defendant EPT.

**COUNT V: VIOLATION OF THE SHIPPING ACT**

35.     GlobeRunners incorporates all of the allegations above as if fully set forth herein.

36.     Defendant's EPT's , failure to pay the outstanding and other charges, plus attorney's fees which continue to accrue to GlobeRunners constitutes a violation of 46 U.S. Code § 41102 (a), which prohibits a person from "knowingly and willfully, directly or indirectly, by means of false billing, false classification, false weighing, false report of weight, false measurement, or any other unjust or unfair device or means" obtaining or attempting "to obtain ocean transportation for property at less than the rates or charges that would otherwise apply".

## COUNTS I - V

WHEREFORE, given the foregoing allegations in Counts I through V above, Plaintiff is entitled to the relief prayed for below as to each and every one of such Counts.

## **PRAYER FOR RELIEF**

37.    46.    By reason of the foregoing, GlobeRunners sustained damages in the total amount of Two Hundred Ninety-seven Thousand, One hundred Thirty-eight Dollars and Five Cents ($297,138.05), plus attorney's fees which continue to accrue and Plaintiff prays a judgment for damages in that amount against Defendant EPT,    The judgment sum demanded herein includes the amount of $297,138.05, plus attorney's fees which continue to accrue representing ocean freight and other charges, including attorney's fees which remain unpaid by both Defendants.

WHEREFORE, plaintiff, GlobeRunners requests that the Court award to Plaintiff, GlobeRunners:

1.    Damages against Defendant EPT in the sum of $297,138.05, plus attorney's fees which continue to accrue for breach of contract, including unpaid ocean freight and other charges.

2.    Damages against Defendant EPT, pursuant to the bill of lading and related terms and conditions attached to this complaint, and for failing to pay the ocean freight and other charges, plus attorney's fees, in the total amount of $297,138.05, plus attorney's fees which fees continue to accrue.

3.    Damages against Defendant EPT on the basis of quantum meruit for shipping services furnished and money expended by Plaintiff in the total sum of $297,138.05,

4.      Damages against Defendant EPT, for account stated of $297,138.05, plus attorney's fees which fees continue to accrue.

5.      Attorney's fees, court costs, and expenses of litigation against Defendants, and each of them, according to proof.

6.      Such other and further relief this Court deems just, proper, and appropriate in this case.

Dated:   June 4, 2018
         New York, New York

HUSCH BLACKWELL LLP

By: /s/ Daniel P. Jaffe_____
     Daniel P. Jaffe
     60 East 42nd Street, Suite 4600
     New York, New York 10165
     Tel. (212) 485-9805
     Facsimile: (314) 480-1505
     Dan.jaffe@huschblackwell.com